IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3V, INC., a Delaware Corporation,         )<br>                                           )<br>            Plaintiff                     )<br>                                           )<br>                                           )<br>       v.                                 )<br>                                           )<br>                                           )<br>CIBA SPECIALTY CHEMICALS                  )<br>CORPORATION, a Delaware Corporation,      )<br>                                           )<br>            Defendant                    )  | C.A. No. 06-00593-JJF |

## ANSWER AND COUNTERCLAIM

Comes now the defendant CIBA Specialty Chemicals Corporation, ("CIBA") by counsel, and answers each numbered paragraph of the complaint with respectively numbered paragraphs as follows:

### *Jurisdiction and Venue*

1. Admitted.

2. Admitted.

3. Admitted.

### *The Parties*

4. Defendant admits that the '973 patent names Giuseppe Raspanti of Bergamo, Italy as inventor but has only plaintiff's representations as to the remaining allegations of this paragraph of the Complaint and, to that extent, denies the remaining allegations and leaves plaintiff to its proofs.

5. Admitted.

6. Admitted except that defendant is also entitled to priority of its European Application No. 95810042.2 filed January 23, 1995.

## *Interference Proceeding No. 105,262*

7. Defendant admits that on May 24, 2005 the Board of Patent Interferences of the United States Patent and Trademark Office declared interference no. 105,262 between Giuseppe Raspanti, the inventor of the '973 patent and Francois Gugumus the Applicant of Serial No. 10/081,291. Defendant also admits that CIBA is the assignee of Francois Gugumus. Defendant is without knowledge as to the assignment of the Raspanti patent and, therefore, denies the remaining allegations of this paragraph of the Complaint and leaves plaintiff to its proofs.

8. Plaintiff admits that a copy of the '973 patent is attached as Exhibit 1, but is without knowledge as to the remaining allegations of this paragraph of the Complaint and, therefore, denies the same and leaves plaintiff to its proofs.

9. Admitted.

10. Admitted.

11. Defendant admits that on July 27, 2006 the Board entered a final decision in Interference No. 105,262 but otherwise denies the allegations of this paragraph of the Complaint.

12. Defendant admits that on July 27, 2006 the Board entered a final decision in Interference No. 105,262 and denied 3V's Substantive Motion 3, but otherwise denies the remaining allegations of this paragraph of the Complaint.

13. Defendant admits that on July 27, 2006 the Board entered a final decision in Interference No. 105,262 and that the Board denied 3V's Substantive Motion 5, but otherwise denies the allegations of this paragraph of the Complaint.

14.   Defendant admits that on July 27, 2006 the Board, in its final decision in Interference No. 105,262, granted CIBA's Responsive Motion No. 2 to add claim 28, but otherwise denies the remaining allegations of this paragraph of the Complaint.

15.   This paragraph of the Complaint is a mere statement of preservation by 3V and, therefore, requires no answer.

### Count I

16.   Defendant admits that this is an action pursuant to 35 U.S.C § 146, but otherwise denies the allegations of this paragraph of the Complaint.

17.   This paragraph requires no answer by defendant.

18.   Denied.

General Denial:

Defendant denies that plaintiff is entitled to the judgments requested in the Complaint.

### Counterclaim

19.   CIBA is entitled to the benefit of the filing date of European Application No. 95810042.2 filed January 23, 1995.

20.   On July 27, 2006, the Board entered a final decision. In its final decision, the Board, erroneously, and contrary to law, granted Raspanti's (3 V's) Substantive Motion 4 (Paper No. 35) for judgment that Gugumus (CIBA) claims 16-27 are unpatentable under 35U.S.C.102(e) as anticipated by Raspanti's '973 patent. In its decision, the Board erroneously held that the Gugumus claims 16-27 were not entitled to the benefit of priority based upon European priority application EP 95810042.2 due to a lack of a written description in the European application of the full scope of the subject matter recited in the Gugumus claims. The

Board erroneously failed to recognize that the disclosure of the European application, together with the knowledge of those skilled in the art at the time of the filing of the European application, were sufficient to constitute a sufficient enabling written description of the subject matter of the Gugumus claims pursuant to 35 U.S.C. § 112, first paragraph.

**WHEREFORE, DEFENDANT PRAYS that this Court grant:**

A. Judgment awarding priority to CIBA (Gugumus) with respect to Count I.

B. Judgment ordering that:

I. Claims 16 - 27 of the '291 application are patentable to CIBA (Gugumus); and, that:

II. Claims 16 - 27 are entitled to priority based upon the earlier European Application No. EP95810042.2.

III. The Board properly granted CIBA's Responsive Motion 2; and, that claim 28 is patentable to CIBA.

C. That the Clerk of this Court shall issue a certified copy of this Court's judgment for transmittal to the U.S. Patent and Trademark Office, and that the Director of the U.S. Patent and Trademark Office shall be authorized fully to implement this Court's order.

D. Judgment ordering any further relief as may be equitable and/or appropriate in

order to preserve the rights of CIBA in any further proceedings on remand before the U.S. Patent and Trademark Office.

*Of Counsel:*
Alan E.J. Branigan
Brion Heaney
Richard J. Traverso
Michael Culver
Millen White Zelano & Branigan, P.C.
2200 Clarendon Blvd.
Suite 1400
Arlington, VA 22201

/s/
Frederick L. Cottrell, III (#2555)
Cottrell@rlf.com
Chad M. Shandler (#3796)
Shandler@rlf.com
Richards, Layton and Finger
One Rodney Square
920 N. King Street
Wilmington, DE 19081
(302) 651-7700

Dated: October 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2006, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND

Joseph Grey
Stevens & Lee
1105 North Market Street
7th Floor
Wilmington, DE 19801

Chad M. Shandler (#3796)
shander@rlf.com

RLF1-3070355-1