**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **3V, INC.**, a Delaware Corporation, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> **CIBA SPECIALTY CHEMICALS** <br> **CORPORATION**, a Delaware Corporation, ) <br> ) <br> Defendant. ) <br> _____ ) | C.A. No. 06-00593-JJF |
| **CIBA SPECIALTY CHEMICALS** <br> **CORPORATION**, a Delaware Corporation, ) <br> ) <br> Cross-Plaintiff ) <br> ) <br> v. ) <br> ) <br> **3V, INC.**, a Delaware Corporation, ) <br> ) <br> Cross-Defendant. ) <br> _____ ) | C.A. No. 06-00629-JJF |
| **CIBA SPECIALTY CHEMICALS** <br> **CORPORATION**, a Delaware Corporation, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> **3V, INC.**, a Delaware Corporation, ) <br> ) <br> Defendant. ) <br> _____ ) | C.A. No. 06-672-JJF |

**PLAINTIFF'S MOTION TO DISMISS
<u>FOR LACK OF SUBJECT MATTER JURISDICTION</u>**

3V, Inc. ("3V") respectfully moves the Court, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for an Order dismissing these actions for lack of jurisdiction over the subject matter. This motion is based upon the fact that 3V has

disclaimed all claims of U.S. Patent No. 5,658,973 ("the '973 patent"), the patent involved in the interference at issue.

## FACTS

1.  On May 24, 2005, the Board of Patent Appeals and Interferences of the United Sates Patent and Trademark Office ("Board") initiated Interference No. 105,262 between 3V (assignee of Guiseppe Raspanti and owner of U.S. Patent No. 5,658,973 Patent) and CIBA Specialty Chemicals Corporation (assignee of Francois Gugumus and owner of U.S. Patent Application Serial No. 10/081,291)(hereinafter, "CIBA"). In an interference proceeding such as this, the Board, authorized by 35 U.S.C. § 135, determines "any question of patentability and priority of invention between two or more parties claiming the same patentable invention." 37 C.F.R. § 1.601(i).[1]

2.  On July 27, 2006, the Board entered a final decision. This decision was partially adverse to both parties: (1) the Board awarded judgment on priority of invention against 3V and in favor of CIBA; and (2) the Board held that claims 16-27 were not entitled to the benefit of priority based on the priority application EP 95810042.2. Upon receiving the Board's determination, 3V initiated these proceedings by bringing Civil Action No. 06-593 against CIBA, pursuant to 35 U.S.C. § 146[2] and 37 C.F.R. § 1.303.

---

[1] Title 37, section 1.601(i) of the Code of Federal Regulations further provides:

> An interference may be declared between two or more pending applications naming different inventors when, in the opinion of an examiner, the applications contain claims for the same patentable invention. An interference may be declared between one or more pending applications and one or more unexpired patents naming different inventors when, in the opinion of an examiner, any application and any unexpired patent contain claims for the same patentable invention.

[2] Title 35, section 146 of the United States Code provides:

CIBA responded by filing a Counterclaim in this Action, and a Cross-Complaint and a third Complaint in Civil Action Nos. 06-629 and 06-672. All three of these actions involve the same patents and subject matter and all three seek similar types of relief. They have been treated as consolidated in various orders pleadings filed by and with the Court.

   3.  Ever since the commencement of these actions, the parties have engaged in settlement discussions. As a result of the negotiations, 3V has come to realize that a settlement on terms it believed acceptable was unlikely and that the costs and uncertainties of the litigation outweighed the potential benefits to 3V. On March 20, 2008, 3V filed a statutory disclaimer pursuant to 35 U.S.C. § 253 disclaiming all claims of the '973 patent and dedicating to the public its entire right, title, and interest in the patent. A copy of this Disclaimer is attached to this Motion as an Exhibit.

---

  Any party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Director appoints or as provided in section 141 of this title, unless he has appealed to the United States Court of Appeals for the Federal Circuit, and such appeal is pending or has been decided. In such suits the record in the Patent and Trademark Office shall be admitted on motion of either party upon the terms and conditions as to costs, expenses, and the further cross-examination of the witnesses as the court imposes, without prejudice to the right of the parties to take further testimony. The testimony and exhibits of the record in the Patent and Trademark Office when admitted shall have the same effect as if originally taken and produced in the suit.

**LAW AND ANALYSIS**

I. **Plaintiff's Motion to Dismiss for Lack of Subject Matter Jurisdiction should be granted because a case or controversy no longer exists as required by Article III of the Constitution as a result of 3V's statutory disclaimer of all rights under the '973 patent.**

   A. *By filing the statutory disclaimer 3V has relinquished all rights to exclude others from the '973 patent.*

   4.  Title 35, section 253 of the United States Code provides: "A patentee . . . may . . . make disclaimer of any complete claim, stating therein the extent of his interest in such patent. Such a disclaimer . . . shall thereafter be considered as part of the original patent to the extent of the interest possessed by the disclaimer and by those claim under him." The Federal Circuit "has interpreted the term 'considered as part of the original patent' in section 253 to mean that the patent is treated as though the disclaimed claims never existed." *Vectra Fitness, Inc. v. TNWK Corp.*, 162 F.3d 1379, 1383 (Fed. Cir. 1998); *see Guinn v. Kopf*, 96 F.3d 1419, 1422 (Fed. Cir. 1996) ("A statutory disclaimer under 35 U.S.C. § 253 has the effect of cancelling the claims from the patent and the patent is viewed as though the disclaimed claims had never existed.").

   5.  Therefore, by filing the statutory disclaimer, 3V relinquished any right to exclude others from the '973 patent. Further, 3V has no remaining rights either to enforce the claims or to obtain a reissue of any of those claims. Since all of the claims have been disclaimed, the effect is the same as dedication of the patent to the public or abandonment. *See W.L. Gore & Assocs., Inc. v. Oak Materials Group, Inc.*, 424 F. Supp. 700, 701 (D. Del. 1976).

    **B.**    **3V's disclaimer of the '973 patent terminated the justiciable case and controversy and any interest for 3V in the outcome of the pending action.**

6.    "It is axiomatic that a federal court may not address the merits of a legal question not posed in an Article III case or controversy, and that a case must exist at all the states of appellate review." *Aqua Marine Supply v. Aim Machining, Inc.*, 247 F.3d 1216, 1219 (Fed. Cir. 2001) (quotation omitted). Similarly, "[w]hen the issues presented in a case are no longer 'live' or the parties lack a legally cognizable interest in the outcome, the case becomes moot and **the court no longer has subject matter jurisdiction**." *Weiss v. Regal Collections*, 385 F.3d 337 (3rd Cir. 2004) (*citing County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)) (emphasis added).

7.    In the absence of a justiciable case or controversy, a civil action is moot because "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *DeFunis v. Odegaard*, 416 U.S. 312, 317 (1974). Therefore, "[m]ootness has two aspects: (1) the issues presented are no longer live; or (2) the parties lack a cognizable interest in the outcome." *Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338, 343 (3rd 2003).

8.    "The central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful review." *Rendell v. Rumsfeld*, 484 F.3d 236, 240 (3rd Cir. 2007). Moreover, "to qualify as a case fit for federal-court adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997); *see also Rendell*, 484 F.3d at 240-41 ("The requirement that a case or controversy be 'actual and ongoing'

5

extends throughout all stages of federal judicial proceedings, including appellate review.").

9.  Similarly, "[a]s a general matter, a case becomes moot if, through the action of the party seeking relief, the immediate controversy is terminated." *Aqua Marine Supply*, 247 F.3d at 1220. Although "in some circumstances the opposing party's lack of interest will not bar adjudication on the merits, the outcome is different when the appellant is responsible for the opposing party's lack of continued interest, for example, as . . . by settlement." *Id.* (internal citations omitted). In contrast, "a voluntary cessation of infringing activity by the defendant would not necessarily render the case moot, even if the opposing party asserted that it had lost interest in the matter." *Id.* (internal citations omitted). Specifically in the context of litigation involving patents, this Court has previously recognized that a formal disclaimer destroys any justiciable case or controversy. *See W.L. Gore & Assocs., Inc. v. Oak Materials Group, Inc.*, 424 F. Supp. 700, 702 (D. Del. 1976) ("As plaintiff has formally disclaimed all claims of the patent, there is no longer a justiciable case or controversy before the Court with respect to the validity of any of those claims.").

10. Here, 3V has disclaimed all interest in defending the '973 patent. As established by cases previously before this Court, as a result of 3V's disclaimer and dedication, a justiciable case or controversy no longer exists. Therefore, the pending cases are moot and no subject matter remains for the assertion of this Court's jurisdiction.

    **C.**    ***All exceptions to the mootness doctrine are inapplicable to the case at bar.***

11. In anticipation that CIBA may argue for the application of an exception to the mootness doctrine, 3V notes the existence of three exceptions: (1) "voluntary

6

cessation" on the part of the defendant, (2) questions that are "capable of repetition, yet evading review," and (3) questions involving class actions where the named party ceases to represent the class. Since this is not a class action, only two of the exceptions qualify for consideration in this case: (1) "voluntary cessation" and (2) "capable of repetition, yet evading review." *See Rendell v. Rumsfeld*, 484 F.3d 236, 241 (3rd Cir. 2007).

12.     First, regarding the former, the Supreme Court of the United States has observed that "Mere voluntary cessation of allegedly illegal conduct does not moot a case." *United States v. Phosphate Export Ass'n*, 393 U.S. 199, 203 (1968). The purpose behind the "voluntary cessation" exception "is to prevent defendants from forever ... avoid[ing] judicial review simply by ceasing the challenged practice, only to resume it after the case [is] dismissed." *Rendell*, 484 F.3d at 243 (citation omitted). "Consequently, if the defendant ceases the harm, the case retains vitality unless, 'subsequent events ma[k]e it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Id*. At 242-243 (citation omitted).

13.     Here, 3V voluntarily ceased the case or controversy with the unilateral act of statutory disclaimer. In filing the disclaimer, 3V has retained no interest in the patent and can not revive it in any way. As such, it is absolutely clear that the controversy in these cases, arising from an Interference proceeding between the '973 patent and CIBA's '291 application, cannot reasonably be expected to recur.

14.     Second, under the "repetition and review" exception, "a court may exercise its jurisdiction and consider the merits of a case that would otherwise be deemed moot when '(1) the challenged action is, in its duration, too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same

7

complaining party will be subject to the same action again.'" *Id.* (*quoting Spencer v. Kemna*, 523 U.S. 1, 17 (1998)). However, this exception "is narrow and available 'only in exceptional situations.'" *Id.* (*quoting City of Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983)). Here, the challenged action cannot be said to be "too short to be fully litigated prior to cessation." In contrast to situations which gave rise to the exception, these actions were initiated to review a decision that was fully litigated by the parties. In addition, there is no expectation that 3V will refile the same action again. Having given up any rights to the '973 patent, 3V no longer has any interest in revisiting the Board's findings and is foreclosed from reviving the claims in order to renew any such interest. In short, the repetition and review exception does not apply since 3V has given up the only thing giving it any interest in these cases. There is simply no subject matter remaining to be the basis for a repeat action.

15. Therefore, none of the recognized exceptions to the mootness doctrine are applicable to the facts present here. As a result of 3V's disclaimer which, in effect, dedicated the '973 patent to the public, a justiciable case or controversy no longer exists for this Court to decide. This Court lacks subject matter jurisdiction over these civil actions.

## WAIVER OF BRIEFING

16. 3V respectfully asserts that this Motion does not raise any complicated or novel issues of fact or law. Therefore, 3V waives its right to file an Opening Brief in further support of this Motion. 3V does reserve the right to submit a Reply in the event that CIBA files an Objection to this Motion.

**CONCLUSION**

17.     As 3V has demonstrated, there no longer exists a case or controversy for the assertion of this Court's subject matter jurisdiction.  The statutory disclaimer of all the claims of the '973 patent, filed by 3V eliminated all of 3V's interest in the matter without any ability for 3V to revive the claims or obtain a reissue of the patent.  With the effect of the disclaimer being complete cancellation of all claims of the patent, the pending cases regarding review of the Board's decisions regarding the patentability of the claims and priority are moot.  No subject matter remains for the assertion of this Court's jurisdiction.  For these reasons, 3V respectfully requests that this Court grant this Motion and dismiss these cases.  A form of Order is attached.

Dated:  March 27, 2008                **STEVENS & LEE, P.C.**


By:  _/s/ Joseph Grey_
Joseph Grey (ID 2358)
1105 North Market Street, Seventh Floor
Wilmington, DE  19801
Telephone:  (302) 654-5180
Telecopier:  (302) 654-5181
E-Mail:  jg@stevenslee.com

**NEXSEN PRUET, LLC**
Angelica M. Colwell, Esquire
205 King Street, Suite 400
Charleston, South Carolina, 29401
Telephone:  (843) 577-9440
Facsimile:  (843) 720-1777
acolwell@nexsenpruet.com


*Attorneys for 3V, Inc.*

9

PTO/SB/43 (01-08)
Approved for use through 03/31/2008. OMB 0651-0031
U.S. Patent and Trademark Office; U.S. DEPARTMENT OF COMMERCE
Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

# DISCLAIMER IN PATENT UNDER 37 CFR 1.321(a)

| Name of Patentee | Docket Number (Optional) |
|---|---|
| 3V, Inc., Weehawken, NJ | 30146-22 |

| Patent Number | Date Patent Issued |
|---|---|
| 5658973 | 08/19/1997 |

**Title of Invention**

Compositions for the Stabilization of Synthetic Polymers

I hereby disclaim the following complete claims in the above identified patent: 1 - 15

The extent of my interest in said patent is (if assignee of record, state liber and page, or reel and frame, where assignment is recorded): Assignee of Record, Reel/Frame 007591 / 0037

The fee for this disclaimer is set forth in 37 CFR 1.20(d).

☐ Patentee claims small entity status. See 37 CFR 1.27.

☐ Small entity status has already been established in this case, and is still proper.

☐ A check in the amount of the fee is enclosed.

☐ Payment by credit card. Form PTO-2038 is attached.

☒ The Director is hereby authorized to charge any fees which may be required or credit any overpayment to Deposit Account No. 080719. I have enclosed a duplicate copy of this form.

**WARNING: Information on this form may become public. Credit card information should not be included on this form. Provide credit card information and authorization on PTO-2038.**

Signed at GEORGETOWN, State of South Carolina this 20th day of MARCH, 2008.

| Signature | N/A |
|---|---|
| John Centioni | Registration Number, if applicable |
| Typed or printed name of patentee/ attorney or agent of record | 843-520-5141 |
| | Telephone Number |

888 Woodstock Street, PO Box 2810
**Address**
Georgetown, SC 29442
City, State, Zip Code or Foreign Country as applicable

This collection of information is required by 37 CFR 1.321. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.11 and 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, P.O. Box 1450, Alexandria, VA 22313-1450. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. **SEND TO: Commissioner for Patents, P.O. Box 1450, Alexandria, VA 22313-1450.**

*If you need assistance in completing the form, call 1-800-PTO-9199 and select option 2.*

## Acknowledgement Receipt

The USPTO has received your submission at **11:10:43** Eastern Time on **20-MAR-2008** by Deposit Account: 080719.

$ **130** fee paid by e-Filer via *RAM* with Confirmation Number: 6337.

## eFiled Application Information

| | |
|---|---|
| EFS ID | 3027300 |
| Application Number | 08507197 |
| Confirmation Number | 3183 |
| Title | COMPOSITIONS FOR THE STABILIZATION OF SYNTHETIC POLYMERS |
| First Named Inventor | GIUSEPPE RASPANTI |
| Customer Number or Correspondence Address | 46591 |
| Filed By | Angelica M. Colwell/Wendy Stockhausen |
| Attorney Docket Number | 30146-28 |
| Filing Date | 26-JUL-1995 |
| Receipt Date | 20-MAR-2008 |
| Application Type | Utility under 35 USC 111(a) |

## Application Details

| Submitted Files | Page Count | Document Description | File Size | Warnings |
|---|---|---|---|---|
| 3014622Disclaim.pdf | 1 | Statutory disclaimers per MPEP 1490. | 68720 bytes | ◆ PASS |
| fee-info.pdf | 2 | Fee Worksheet (PTO-06) | 8185 bytes | ◆ PASS |

This Acknowledgement Receipt evidences receipt on the noted date by the USPTO of the indicated documents, characterized by the applicant, and including page counts, where applicable. It serves as evidence of receipt similar to a Post Card, as described in MPEP 503.

New Applications Under 35 U.S.C. 111

If a new application is being filed and the application includes the necessary components for a filing date (see 37 CFR 1.53(b)-(d) and MPEP 506), a Filing Receipt (37 CFR 1.54) will be issued in due course and the date shown on this Acknowledgement Receipt will establish the filing date of the application.

National Stage of an International Application under 35 U.S.C. 371

If a timely submission to enter the national stage of an international application is compliant with the conditions of 35 U.S.C. 371 and other applicable requirements a Form PCT/DO/EO/903 indicating acceptance of the application as a national stage submission under 35 U.S.C. 371 will be issued in addition to the Filing Receipt, in due course.

New International Application Filed with the USPTO as a Receiving Office

If a new international application is being filed and the international application includes the necessary

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **3V, INC., a Delaware Corporation,** | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | C.A. No. 06-00593-JJF |
| v. | ) | |
| | ) | |
| **CIBA SPECIALTY CHEMICALS CORPORATION, a Delaware Corporation,** | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |
| **CIBA SPECIALTY CHEMICALS CORPORATION, a Delaware Corporation,** | ) ) | |
| | ) | |
| Cross-Plaintiff | ) | |
| | ) | C.A. No. 06-00629-JJF |
| v. | ) | |
| | ) | |
| **3V, INC., a Delaware Corporation,** | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| _____ | ) | |
| **CIBA SPECIALTY CHEMICALS CORPORATION, a Delaware Corporation,** | ) ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | C.A. No. 06-672-JJF |
| v. | ) | |
| | ) | |
| **3V, INC., a Delaware Corporation,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DISMISSING ACTIONS**

This __ day of _____, 2008, upon the Motion of 3V, Inc. to dismiss these actions for lack of subject matter jurisdiction (the "Motion"), and after consideration of the arguments advanced for and against the Motion, the Court having found that it lacks subject matter jurisdiction over these cases,

IT IS HEREBY ORDERED, that

1. The Motion is GRANTED.

2. These actions are hereby dismissed, with prejudice. Each party shall bear its own costs with respect to these proceedings.

                                                  _____
Joseph J. Farnan, Jr.
United States District Court Judge

## CERTIFICATE OF SERVICE

    I, Joseph Grey, hereby certify that, on this 27th day of March, 2008, and in addition to the service provided by the Court's CM/ECF system, I caused true and correct copies of the foregoing Motion to Dismiss to be served on counsel for CIBA Specialty Chemicals Corporation by first class, United States mail, postage prepaid and addressed as follows:

        Chad M. Shandler, Esquire
        Richards Layton & Finger
        One Rodney Square, 10th Floor
        P.O. Box 551
        Wilmington, DE  19899

        Alan E.J. Branigan, Esquire
        Millen White Zelano & Branigan, P.C.
        2200 Clarendon Boulevard
        Suite 1400
        Arlington, VA  22201


        */s/ Joseph Grey*
        Joseph Grey

NPGVL1:364180.1-MO-(BDERRICK) 030146-00022
SL1 805688v1/101873.00001