IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3V, INC., a Delaware Corporation, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | C.A. No. 06-00593-JJF | |
| ) | | |
| v. ) | | |
| ) | | |
| CIBA SPECIALTY CHEMICALS ) | | |
| CORPORATION, a Delaware Corporation, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |
| | | |
| CIBA SPECIALTY CHEMICALS ) | | |
| CORPORATION, a Delaware Corporation, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | C.A. No. 06-00672-JJF | |
| v. ) | | |
| ) | | |
| 3V, INC., a Delaware Corporation, ) | | |
| ) | | |
| Defendant. ) | | |
| _____) | | |
| | | |
| CIBA SPECIALTY CHEMICALS ) | | |
| CORPORATION, a Delaware Corporation, ) | | |
| ) | | |
| Cross-Plaintiff, ) | | |
| ) | C.A. No. 06-00629-JJF | |
| v. ) | | |
| ) | | |
| 3V, INC., a Delaware Corporation, ) | | |
| ) | | |
| Cross-Defendant. ) | | |
| ) | | |

### CIBA'S MOTION FOR LEAVE TO FILE A SURREPLY

CIBA Specialty Chemicals Corporation ("CIBA") respectfully seeks leave to file the

accompanying surreply (Exhibit A hereto) in connection with 3V's Motion to Dismiss for

Lack of Subject Matter Jurisdiction (06-00593-JJF, D.I. #34; 06-00629-JJF and 06-00672-

JJF, D.I. #33) in order to address new arguments that 3V raises for the first time in its reply brief. In connection with its Motion, CIBA states as follows:

1. Pursuant to Local Rule 7.1.3(c)(2), "The party filing the opening brief shall not reserve material for the reply brief which should have been in included in a full and fair opening brief." Here, however, 3V raises in its recently filed reply brief (06-00593-JJF, D.I. #40; 06-00629-JJF and 06-00672-JJF, D.I. #39) arguments concerning claims 16-27 that were not presented it is opening brief and which require a response from CIBA.

2. In particular, 3V argues (albeit incorrectly) for the first time in its reply brief that CIBA does not need to appeal the Board's adverse decision with respect to claims 16-27 because of 3V's disclaimer. However, as set forth in the proposed surreply (Exhibit A hereto), unless this Court rules on the Patent Office's decision that claims 16-27 were unpatentable, that decision will remain in effect.

3. 3V also suggests for the first time in its reply brief that because 3V has disclaimed its patent claims, its '973 patent is not a reference against CIBA's claims 16-27. As set forth in the attached proposed surreply, however, 3V has not and cannot disclaim its '973 patent disclosure as prior art. The Patent Office has already ruled, we think incorrectly, that 3V's '973 patent *is* prior art against CIBA's claims 16-27. Accordingly, there no need to speculate as 3V suggests. It has already occurred.

4. The Delaware District Court has previously refused to consider new arguments presented for the first time in a reply brief, *see, e.g., Rockwell Technologies, LLC. v. Spectra-Physics Lasers, Inc.*, Civ. A. No. 00-589-GMS, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002), and has permitted parties to file responses to new argument raised by parties for the first time in a reply brief. *See, e.g., Steiner v. Univ. of Del.*, 243 F. Supp. 2d 106, 117 (D. Del. 2003). Thus, CIBA respectfully requests that, at a minimum, it be permitted to respond to 3V's new arguments.

WHEREFORE, CIBA respectfully requests that the Court grant this Motion and permit it to file and serve the attached surreply (Exhibit A) hereto.

/s/ Frederick L. Cottrell III

Frederick L. Cottrell III (#2555)
(Cottrell@rlf.com)
Chad M. Shandler (#3796)
(Shandler@rlf.com)
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Counsel for CIBA Specialty Chemicals Corporation*

*Of Counsel:*
Alan E.J. Branigan
Brion Heaney
Richard J. Traverso
Millen White Zelano & Branigan, P.C.
2200 Clarendon Boulevard
Suite 1400
Arlington, VA 22201
(703) 312-5305

Dated: April 29, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-00593-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-00672-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Cross-Plaintiff, | ) | |
| | ) | C.A. No. 06-00629-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| | ) | |

**CERTIFICATION PURSUANT TO DISTRICT COURT
OF DELAWARE LOCAL RULE 7.1.1.**

Pursuant to Local Rule 7.1.1., the undersigned counsel for CIBA Specialty Chemicals Corporation certifies that 3V, Inc. opposes the relief sought by this Motion.

RLF1-3277500-1

[signature]

Frederick L. Cottrell, III (#2555)
(Cottrell@rlf.com)
Chad M. Shandler (#3796)
(Shandler@rlf.com)
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Counsel for CIBA Specialty Chemicals Corporation*

*Of Counsel:*
Alan E.J. Branigan
Brion Heaney
Richard J. Traverso
Millen White Zelano & Branigan, P.C.
2200 Clarendon Boulevard
Suite 1400
Arlington, VA 22201
(703) 312-5305

Dated: April 29, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2008, I electronically filed the foregoing with the Clerk of Court using CM/ECF which will send notification of such filing(s) to the following and which has also been served as noted:

### BY HAND

Joseph Grey
Stevens & Lee
1105 North Market Street
7th Floor
Wilmington, DE 19801

I hereby certify that on April 29, 2008, I sent the foregoing document by Federal Express, to the following non-registered participants:

Angelica M. Colwell
Nexsen Pruet, LLC
205 King Street, Suite 400
Charleston, SC 29401

Sara Centioni Kanos
201 W. McBee Avenue, Suite 400
Greenville, SC 29601

Chad M. Shandler (#3796)
shander@rlf.com

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-00593-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-00672-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Cross-Plaintiff, | ) | |
| | ) | C.A. No. 06-00629-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| | ) | |

**CIBA'S SURREPLY TO 3V'S REPLY IN FURTHER SUPPORT OF ITS
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

For its surreply in opposition to 3V, Inc.'s ("3V") motion to dismiss (D.I. 33 (06-00629-JJF and 06-00672) and D.I. 34 (06-00593)), CIBA Specialty Chemicals Corporation ("CIBA") states as follows:

RLF1-3277326-1

1.  3V's reply brief incorrectly states that the various claims which CIBA has brought in these cases were all "discussed" in 3V's motion to dismiss. Except to mention (at paragraph 2) that the Board made a decision adverse to CIBA as to CIBA's claims 16-27, 3V's motion to dismiss never mentioned claims 16-27.[1]

2.  3V "sandbagged" CIBA. It was not until its reply brief that 3V set forth its arguments as to CIBA's claims 16-27. CIBA should have an opportunity to respond to those arguments.

3.  CIBA agrees that the 3V's citations stand generally for the proposition that this Court has no subject matter jurisdiction if there is no longer a controversy between the parties.[2] There is a vast difference, however, between a party not *caring* to continue litigation and a party having no *legal interest* in the matter.

4.  CIBA also agrees that a federal court has no power to render advisory opinions nor to decide questions that cannot affect the rights of litigants.[3] CIBA, however, is not asking for an advisory opinion. Just as in any other appeal from an incorrect decision of the Patent Office, CIBA wants this Court to correct the adverse ruling of the Patent Office that claims 16-27 are unpatentable to CIBA.

5.  The Patent Office has held, in effect, that claims 16-27 would be invalid if issued to CIBA. In varying degrees of breadth those claims cover a combination of UVASORB HA88, a product sold by 3V, and Tinnuvin 622, a product

---

[1] The Board held that CIBA was not entitled to the priority date of CIBA's *European application*. The Board never made a decision on priority of *invention* of CIBA's claims 16-27.

[2] 32 Am. Jur.2d Federal Courts, Adverse Interests, Sec 596 (2nd Ed.); *Johnson v Interstate Transit Lines*, 163 F.2d 125 (10th Cir. 1991); *Anderson v U.S.*, 344 F.3d 1343 (Fed. Cir. 2003); *DeFunis v. Odegard*, 416 U.S. 312, 317 (1974).

[3] *Samsung Elecs. Co. Ltd v. Rambus, Inc.* 398 F. Supp. 2d 470, 475-476 (E.D.Va. 2005); *Preiser v. Newkirk*, 422 U.S. 395, 402 (1975); *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); and *Bioxy, Inc. v. Birko Corp.*, 935 F. Supp. 737, 741 (E.D.N.C. 1996.). Interestingly, the Samsung court retained jurisdiction for consideration of an award of attorney fees under 35 USC 285 which Samsung then agreed to pay.

sold by CIBA.[4] If claims 16-27 issue to CIBA, the sale of the combination by 3V would infringe those claims; and, it would be contributory infringement for 3V to sell its HA88 for the purpose of combining it with Tinnuvin 622. Obviously, therefore, 3V has an interest in depriving CIBA of those claims. This is precisely why 3V wants CIBA's cross claim and counterclaim dismissed - - because 3V has an interest in denying those claims to CIBA.

6. At page 2 of its reply brief, 3V presents a new (and incorrect) argument that, because of 3V's disclaimer, CIBA does not need to appeal the Board's adverse decision any longer. This is fundamentally wrong. The Patent Office has made its decision that claims 16-27 are unpatentable to CIBA. Unless this Court rules that the Patent Office decision is incorrect, claims 16-27 will remain unpatentable -- a decision that is very much beneficial to 3V and *entirely* adverse to CIBA.[5] Ironically, it was 3V itself that moved the Patent Office to hold claims 16-27 unpatentable to CIBA and now 3V says it has no interest in that very holding.

7. 3V appears (at page 2 of its reply) newly to suggest that, because 3V has disclaimed its patent claims, its '973 patent is not a reference against CIBA's claims 16-27. 3V has not and cannot disclaim its '973 patent disclosure as prior art. The Patent Office has incorrectly ruled that 3V's '973 patent *is* prior art against CIBA's claims 16-27. There is no speculation as 3V suggests. It is an accomplished fact.

---

[4] See paragraph 22 of the Branigan Declaration filed in support of CIBA's motion for leave to issue discovery requests related to 3V's disclaimer (D.I. 39 (06-00593-JJF and D.I. 38 (06-00629-JJF and 06-00672-JJF).

[5] In its substantive motion No. 4 in the Patent Office, 3V moved that claims 16-27 be declared unpatentable to CIBA. In connection with that motion, 3V relied upon a Declaration by Mr. Zanchi to the effect that CIBA's claims 16-27 were unpatentable to CIBA on the ground that the claims were not enabled. 3V has not disclaimed that declaration and CIBA is entitled to discovery from 3V to demonstrate that the conclusions of the Zanchi declaration are baseless.

3

8.  For the foregoing reasons, it is believed clear that 3V's newly presented arguments are misleading and incorrect and that 3V's disclaimer of its patent claims provide no basis for dismissing CIBA's counterclaim and cross claim. 3V can not be permitted to raise an issue in the Patent Office (patentability of claims 16-27 to CIBA); obtain a favorable ruling from the Patent Office; and, then win again in this Court by simply saying, "We don't want to litigate any longer."

9.  Absent a stipulation by 3V that CIBA's claims 16-27 are patentable to CIBA and an order by this Court to that effect, 3V's interests will be upheld and CIBA's right of appeal will be destroyed. 3V initiated these cases. 3V should be required to finish what it started. 3V's motion to dismiss must be denied insofar as it applies to the issue of patentability of CIBA's claims 16-27; and, 3V should be required to go forward with related discovery.

/s/ 
Frederick L. Cottrell III (#2555)
(Cottrell@rlf.com)
Chad M. Shandler (#3796)
(Shandler@rlf.com)
Richards Layton & Finger
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
(302) 651-7700
*Counsel for CIBA Specialty Chemicals Corporation*

*Of Counsel:*
Alan E.J. Branigan
Brion Heaney
Richard J. Traverso
Millen White Zelano & Branigan, P.C.
2200 Clarendon Boulevard
Suite 1400
Arlington, VA 22201
(703) 312-5305

Dated: April 29, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-00593-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 06-00672-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| CIBA SPECIALTY CHEMICALS | ) | |
| CORPORATION, a Delaware Corporation, | ) | |
| | ) | |
| Cross-Plaintiff, | ) | |
| | ) | C.A. No. 06-00629-JJF |
| v. | ) | |
| | ) | |
| 3V, INC., a Delaware Corporation, | ) | |
| | ) | |
| Cross-Defendant. | ) | |
| | ) | |

**<u>ORDER</u>**

THE COURT, having considered CIBA Specialty Chemicals Corporation's Motion For Leave to File a Surreply, and the parties' positions related thereto,

**IT IS HEREBY ORDERED** this \_\_\_\_ day of June 2008 that the Motion is **GRANTED**.

_____
United States District Court Judge