IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| 3V, INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>CIBA SPECIALTY CHEMICALS CORPORATION, a Delaware Corporation,<br><br>        Defendant. | C.A. No. 06-00593-JJF |
| CIBA SPECIALTY CHEMICALS CORPORATION, a Delaware Corporation<br><br>        Cross-Plaintiff,<br><br>  v.<br><br>3V, INC., a Delaware Corporation,<br><br>        Cross-Defendant. | C.A. No. 06-00629-JJF |
| CIBA SPECIALTY CHEMICALS CORPORATION, a Delaware Corporation<br><br>        Plaintiff,<br><br>  v.<br><br>3V, INC., a Delaware Corporation,<br><br>        Defendant. | C.A. No. 06-00672-JJF |

RESPONSE OF 3V TO CIBA'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Plaintiff 3V, Inc. ("3V") hereby responds to the motion filed by Defendant, CIBA Specialty Chemicals Corporation ("CIBA") for leave to file a sur-reply, and states as follows:

1. 3V sees little merit in opposing a filing that has already been put before the Court. 3V does, however, wish to correct misrepresentations that are presented in CIBA's Motion. Namely, CIBA has misrepresented that 3V addressed new arguments regarding claims 16-27 of

CIBA's patent application in the Reply that were not raised in 3V's Motion to Dismiss. As specified in CIBA's Response, the counterclaim and Cross-Complaint request relief from the ruling by the Patent Office that claims 16-27 of CIBA's patent application (Serial No. 10/081,291, hereinafter "the '291 application") were unpatentable over the '973 patent. The counterclaim and Cross-Complaint also allege that claims 16-27 are entitled to priority based upon CIBA's own earlier-filed European patent application, No. EP 95810042.2 ("the European application").

2. CIBA's Sur-Reply contends that "…3V's motion to dismiss never mentioned claims 16-27." *See* CIBA's Sur-Reply, ¶ 1. This statement is simply not true. 3V specifically mentioned claims 16-27 in discussing the decisions of the Board which led to the above-captioned actions on page 2 of the Motion to Dismiss.

3. CIBA's contention of being "sandbagged" suggests that CIBA could never have expected discussion of claims 16-27 in 3V's Reply. This is also simply not true. CIBA clearly understood the argument raised by 3V - that CIBA's Counterclaim and Cross-Complaint should be dismissed with 3V's appeal since both actions concern the patentability of claims 16-27 over the '973 patent which is now treated as if it expired. 3V was appropriately expounding upon its original argument and responding to the points raised in CIBA's Opposition on this subject in its Reply.

4. CIBA's motion for leave is obviously nothing more than a blatant attempt for CIBA to get the "last word" on all the motions pending before this Court in the above-captioned cases. Reply briefs in general, and more certainly sur-reply papers are disfavored due to the delay, unnecessary work and unwarranted expense that the papers generate. *U.S. v. Int'l Business Machines Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y.1975). The rare exception recognized

by the District Court of New York in this case was to address new matter first raised in opposition to a motion. Id.  As has been explained, this is not the case here even though CIBA has claimed as much.  Moreover, the Court in *U.S. v. I.B.M.* specifically disapproved submission of the proposed reply papers along with the request for leave to submit them as CIBA did in this case.  It was noted that such practice enables the requesting party to instantly accomplish its goal of getting the papers before the Court by depriving the Court of an appropriate period to consider whether the papers should even be accepted in the first place. Id. at 385.

5. Further, all the matters raised in CIBA's sur-reply should have been raised in its Response in Opposition to the Motion to Dismiss.  Specifically, CIBA's discussion of a possible claim of contributory infringement against 3V (contained in paragraph 5 of the sur-reply) and the mistaken assertion that 3V suggested that the '973 patent could not be used as a prior art reference (contained in paragraph 7) both raise new issues that should have been articulated in CIBA's Response, if at all.

6. The weakness of CIBA's position is evident in the very language it included in paragraph 7 of the Sur-Reply: "3V *appears* …*newly* to suggest that … its '973 patent is not a reference…" (emphasis added).  3V suggested nothing of the sort.   In fact, 3V agrees that the '973 patent disclosure could be considered prior art and stated exactly this on page 2 of its Reply.

7. Given CIBA's misrepresentations regarding new matter and the procedural misstep it took in submitting the sur-reply with the request for leave, it would be appropriate for this Court to deny CIBA's motion.  However, since the sur-reply has already been put before the Court and that bell cannot be unrung, 3V respectfully requests that the Court put a stop to this seemingly endless cycle of briefing and take very cautious consideration of the already-submitted sur-reply.  3V would also request that the Court schedule a hearing on the pending

3

Motion to Dismiss in order to provide 3V fair opportunity to address the new matters improperly raised in CIBA's sur-reply.

Dated:  May 16, 2008                    **STEVENS & LEE, P.C.**

 /s/ Joseph Grey
Joseph Grey (I.D. No. 2358)
1105 North Market Street, Seventh Floor
Wilmington, DE  19801
Telephone:  (302) 654-5180
Telecopier:  (302) 654-5181
jg@stevenslee.com.

**NEXSEN PRUET, LLC**
Angelica M. Colwell (Fed. I.D. No. 9689)
PO Box 486
205 King Street, Ste. 400
Charleston, South Carolina, 29402
Telephone:  (843) 577-9440
Telecopier:  (843) 720-1777
acolwell@nexsenpruet.com

*Attorneys for Plaintiff 3V, Inc.*

# CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that, on this 16th day of May 2008, and in addition to the service provided by the Court's CM/ECF system, I caused true and correct copies of the foregoing Response to be served on counsel for CIBA Specialty Chemicals Corporation by first class, United States mail, postage prepaid and addressed as follows:

>Chad M. Shandler, Esquire
>Richards Layton & Finger
>One Rodney Square, 10th Floor
>P.O. Box 551
>Wilmington, DE  19899
>
>Alan E.J. Branigan, Esquire
>Millen White Zelano & Branigan, P.C.
>2200 Clarendon Boulevard
>Suite 1400
>Arlington, VA  22201

>*/s/ Joseph Grey*
>Joseph Grey